[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 8, 1999, the plaintiffs filed a cross claim against the apportionment defendants, Eleanore Provencal and Roland C. Provencal, d/b/a RCP, Inc. (collectively referred to as "RCP") and the Town of Ashford Board of Education. On May 11, 2000, this Court dismissed the apportionment complaint, determining that it did not have subject matter jurisdiction as said complaint was not filed within 120 days of the return date of the original complaint as required by Connecticut General CT Page 6755 Statutes § 52-102 (b). The cross defendants claim that the court lacks subject matter jurisdiction over the cross claims as well since they were never properly parties under the apportionment complaint.
Connecticut General Statues § 52-102b (d) states the following:
 "Notwithstanding any applicable statute of limitation or repose, the plaint if may, within sixty days of the return date of the apportionment complaint served pursuant to subsection (a) of this section, assert any claim against the apportionment defendant arising out of the transaction or occurrence that is the subject matter of the original complaint."
Jurisdiction over the cross claim is thereby derivative of the apportionment claim filed in this case. Since the apportionment complaint was not properly served in accordance with the statutory requirements of § 52-102 (b), and was consequently not within the jurisdiction of this court, the apportionment defendants were never properly parties before this court. A cross claim may only be filed against a proper party to the action. Having prevailed on their motion to dismiss, the apportionment defendants were never properly parties before this court and, therefore, cannot remain in the case for apportionment purposes and cannot be subject to a cross claim. Accordingly, a cross claim brought pursuant to an apportionment complaint which was dismissed due to lack of subject matter jurisdiction must also be dismissed as not within the jurisdiction of this court.
 ___________________, J. Thomas A. Bishop